IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-00860-PAB-TPO

YONTAE JOHNSON, an individual,

    Plaintiff,

v.

SSA GROUP LLC, a Limited Liability Company,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on Defendant SSA Group, LLC's Motion to Partially Dismiss Plaintiff's Second Amended Complaint [Docket No. 34]. Defendant seeks dismissal of plaintiff's Colorado Anti-Discrimination Act claim pursuant to Federal Rule of Civil Procedure 12(b)(1). *Id.* at 1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

**I. BACKGROUND**

This action arises from plaintiff Yontae Johnson's employment with and termination from SSA Group, LLC ("SSA"). *See generally* Docket No. 29. Plaintiff alleges that, on or about August 26, 2023 and August 28, 2023, she reported Tony Smith, regional vice president of SSA, for purportedly committing a sexual assault against another employee. *Id.* at 3, ¶¶ 15, 18. Because of this report, plaintiff claims that SSA retaliated against her, ultimately leading to her termination on October 9, 2024. *Id.* at 4-5, 7, ¶¶ 27, 30-31, 49-50.

On or about April 9, 2024, plaintiff filed a charge of discrimination against SSA with the Colorado Civil Rights Division ("CCRD")[1] alleging violations of Title VII and the Colorado Anti-Discrimination Act ("CADA").[2]  *Id.* at 7, ¶ 45.  On November 21, 2024, the CCRD issued a Notice of Right to Sue letter ("NRTS letter"), informing plaintiff that it dismissed her charge and that she had 90 days to file a civil action in state district court "based on the alleged retaliatory, discriminatory, and/or unfair practice that was the subject of the charge that the Complainant filed with the Division."[3]  Docket No. 34-1 at 2.  On February 18, 2025, plaintiff filed her complaint in state court.[4]  Docket No. 1-1.  Her original complaint brought claims for retaliation under Colo. Rev. Stat. § 8-14.4-102 and for interference with the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615.  *Id.* at 6-7, ¶¶ 38-50.  The complaint did not bring a CADA claim.  *See generally id.*  On

---

[1] Plaintiff did not provide the Court with the charge of discrimination, so the Court is not aware of the exact contents of what was filed.  *See generally* Docket No. 29.

[2] Plaintiff also filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of the Americans with Disability Act ("ADA"), Docket No. 29 at 7, ¶ 45, but this charge is not relevant to the motion to dismiss, which focuses solely on her CADA claim.  *See Littlewood v. Novartis Pharms. Corp.*, No. 21-cv-02559-CMA-SKC, 2022 WL 3081919, at *7 (D. Colo. Aug. 3, 2022) ("a notice of right to sue from the EEOC is not sufficient to demonstrate exhaustion of administrative remedies for purposes of a CADA claim.") (citation omitted).

[3] Plaintiff does not allege in her complaint that she received a NRTS letter from the CCRD, but defendant attaches the NRTS letter to its motion to dismiss.  Docket No. 34-1.  "When reviewing a factual attack on subject matter jurisdiction . . . [a] court has wide discretion to allow affidavits, other documents, . . . to resolve disputed jurisdictional facts under Rule 12(b)(1).  In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion."  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  Thus, the Court will consider the NRTS letter.

[4] On March 17, 2025, defendant removed the case to federal court.  Docket No. 1.

April 8, 2025, plaintiff filed her first amended complaint,[5] adding a CADA retaliation claim pursuant to Colo. Rev. Stat. § 24-34-402 *et seq.*[6]  Docket No. 19 at 7-8, ¶¶ 57-66.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A dismissal under Rule 12(b)(1) is not a judgment on the merits; rather, it is a determination that the court lacks jurisdiction to adjudicate the claim.  *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n., Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (citation omitted).  The dismissal is without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

Challenges to subject matter jurisdiction may take two forms—a facial attack or a factual attack—each with distinct analytical frameworks.  *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).  A facial challenge focuses on the sufficiency of the allegations in the complaint.  *Id.*  In resolving a facial challenge, "the district court must accept the allegations in the complaint as true."  *Id.*  By contrast, a factual challenge allows a party to "go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."  *Id.* (citation

---

[5] On May 30, 2025, plaintiff filed a second amended complaint.  Docket No. 29.
[6] Plaintiff also brings additional claims for retaliation in violation of Title VII, for disability-based discrimination in violation of the ADA, and for retaliation in violation of the ADA.  Docket No. 19 at 6-7, 10-11, ¶¶ 43-56, 77-94.  Plaintiff dropped her claim for retaliation under Colo. Rev. Stat. § 8-14.4-102 by not including it in her first amended complaint.  *See generally id.*

3

omitted).  In addressing a factual challenge to subject matter jurisdiction, "the court does not presume the truthfulness of the complaint's factual allegations."  *Id.* (citation and quotations omitted); *see also Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) ("a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion").  "The failure to exhaust remedies under CADA is . . . properly characterized [as] a factual attack on the Court's subject matter jurisdiction."  *Frost v. Med. Man Techs., Inc.*, No. 23-cv-02607-FPF-TPO, 2025 WL 605259, at *13 (D. Colo. Feb. 25, 2025) (citation and internal quotations omitted).  Defendant brings a factual attack here because the Court must examine the details of the NRTS letter, which was not included in the complaint.  The burden of establishing subject matter jurisdiction lies with the party asserting it.  *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

III.  ANALYSIS

To pursue a CADA claim in court under Colo. Rev. Stat. § 24-34-402, a party must first exhaust administrative remedies.  *See* Colo. Rev. Stat. § 24-34-306(14); *City of Colo. Springs v. Conners*, 993 P.2d 1167, 1169 (Colo. 2000) (noting that exhaustion of administrative remedies is a condition precedent under Colo. Rev. Stat. § 24-34-306(14)).  "To properly exhaust administrative remedies under CADA, a plaintiff must file a timely charge of discrimination with the CCRD."  *Holsome v. Tek-Experts (Colorado), Inc.*, No. 22-cv-00092-DDD-MDB, 2023 WL 2242502, at *3 (D. Colo. Feb. 27, 2023) (citing Colo. Rev. Stat. § 24-34-306(1)(a)).  The plaintiff has 90 days to file suit after receiving the CCRD's dismissal of the CADA complaint.  *Id.* (citing Colo. Rev. Stat. § 24-34-306(2)(b)(I)(B)).  If the action is not filed within 90 days, it is barred, and "no district court shall have jurisdiction to hear the action."  Colo. Rev. Stat. § 24-34-

4

306(2)(b)(I)(C); *see also Higgins v. City & Cnty. of Denver*, No. 23-cv-00243-PAB-KAS, 2025 WL 345403, at *5 (D. Colo. Jan. 30, 2025) (dismissing a CADA claim for not being brought within 90 days of receiving a notice of right to sue letter); *Holsome*, 2023 WL 2242502, at *4 (same); *Robinson v. Reg'l Transportation Dist.*, No. 16-cv-2870-WJM-MJW, 2018 WL 2414866, at *3-4 (D. Colo. May 29, 2018) (same). "The absolute bar to filing after ninety days applies equally in state and federal court." *Robinson*, 2018 WL 2414866 at *3 (citing *Fleites v. Pueblo Med. Invs., LLC*, No. 07-cv-02658-REB-MJW, 2008 WL 4371924, at *3 (D. Colo. Sept. 22, 2008)).

Here, the NRTS letter was sent on November 21, 2024. Docket No. 34-1 at 2. However, plaintiff did not bring a CADA claim until 138 days later, on April 8, 2025, when she filed her first amended complaint. Docket No. 19. Thus, defendant argues that plaintiff's CADA claim is barred. Docket No. 34 at 2-4.

Plaintiff, however, argues that her CADA claim is not barred because it relates back to her initial February 18, 2025 complaint, which was filed 89 days after the NRTS letter was issued. Docket No. 37 at 3-4. Rule 15(c) of the Federal Rules of Civil Procedure allows an amendment to a pleading to relate back to the date of the original pleading in certain situations. Rule 15(c)(1)(B) permits relation back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Plaintiff argues that her original complaint "facially states a claim for relief under CADA, even though she did not specifically state it as a cause of action." Docket No. 37 at 4. Thus, plaintiff asserts that her CADA claim relates back to the date of the original February 18, 2025 complaint, and is not barred. *Id.*

5

Defendant does not dispute that conduct alleged in the original complaint is the basis of plaintiff's subsequent CADA claim, but argues that Rule 15(c) does not allow parties to circumvent jurisdictional bars set out in non-claim statutes.  Docket No. 38 at 4.

"The term 'non-claim statute' refers to legislation that 'prohibits absolutely the initiation of litigation after a specific period of time.'"  *UMB Bank, N.A. v. Landmark Towers Ass'n, Inc.*, 408 P.3d 836, 841 (Colo. 2017) (quoting *Pub. Serv. Co. v. Barnhill*, 690 P.2d 1248, 1251 (Colo. 1984)).  "Because a non-claim statute's temporal provisions are, in effect, conditions on the existence of a right to seek redress, such a statute prohibits the initiation of litigation after the prescribed date and, therefore, is jurisdictional in effect."  *Id.* (citation and internal quotations omitted).  "Unlike ordinary statutes of limitations, . . . non-claim statutes are not subject to equitable defenses such as waiver, tolling, or estoppel."  *Id.* (citation and internal quotations omitted).  Courts look to statutory language to determine whether a statute constitutes a non-claim statute.  *Id.*  "Statutory language suggesting that a provision is a non-claim statute includes language stating that (1) the failure to file a claim within the statutory period bars the claim, (2) a timely filing is a condition to the existence of the claim itself, or (3) the failure to file within the statutory period deprives courts of jurisdiction over such a claim."  *Id.* (citation and internal quotations omitted).  Colo. Rev. Stat. § 24-34-306(2)(b)(I)(C) expressly states that, if the plaintiff does not file an action within 90 days of the CCRD mailing its notice that it dismissed the charged, "the action will be barred, and no district court shall have jurisdiction to hear the action."  Thus, the Court finds that

6

each of the factors identified in *UMB Bank* are present, and therefore § 24-34-306 is a non-claim statute.

In *Auxier v. McDonald*, 363 P.3d 747, 752 (Colo. App. 2015), the Colorado Court of Appeals analyzed whether the relation back doctrine could save an otherwise time-barred claim brought under Colo. R. Civ. P. 106(a)(4)—another non-claim statute.[7]  In *Auxier*, the plaintiff originally brought four claims, seeking to revoke a building permit issued to an adjacent property.  *Id.* at 749.  The plaintiff later amended his complaint to add a claim under Colo. R. Civ. P. 106(a)(4).  *Id.*  The trial court held that the plaintiff's Rule 106(a)(4) claim properly related back to his original complaint under Colo. R. Civ. P. 15(c)—Colorado's federal Rule 15(c) analogue—but was nevertheless time-barred because there was no exception allowing it to be brought after the statutory deadline. *Id.* at 751-52.  Applying the *Auxier* reasoning to this case, plaintiff cannot use the relation back doctrine to save her time-barred CADA claim.  While plaintiff may have sufficiently alleged facts in her original complaint to support a CADA retaliation claim, she did not bring such a claim.  *Auxier* held that the relation back doctrine in Colo. R. Civ. P. 15(c) does not apply because the CADA claim is brought under a non-claim statute.  363 P.3d at 751.  The Court finds that the relation back doctrine in Fed. R. Civ. P. 15(c) is similarly inapplicable.  Plaintiff cannot use Fed. R. Civ. P. 15(c)(1)(B) to circumvent the jurisdictional bar set out in the statute.  *See Crawford v. Midway Games, Inc.*, 2008 WL 11339935, at *3 (C.D. Cal. Aug. 5, 2008) ("The doctrine of relation back cannot be used to circumvent the clear rule of the statute defining when a claim may be

---

[7] While the *Auxier* court did not explicitly identify Colo. R. Civ. P. 106(a)(4) as a non-claim statute, the Colorado Supreme Court found that it is a non-claim statute in *Brown v. Walker Commercial, Inc.*, 521 P.3d 1014, 1020-24 (Colo. 2022).

brought."). Accordingly, because plaintiff's CADA claim was brought over 90 days after the CCRD mailed its dismissal of her charge, it is barred by § 24-34-306(2)(b)(I)(C).

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Defendant SSA Group, LLC's Motion to Partially Dismiss Plaintiff's Second Amended Complaint [Docket No. 34] is **GRANTED**. It is further

**ORDERED** that plaintiff's Second Claim, Retaliation in Violation of Colorado Anti-Discrimination Act, is **DISMISSED without prejudice**.

DATED January 14, 2026.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge